UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
FORT MYERS DIVISION

KATHALINA MONACELLI,

              Plaintiff,

-vs-                                                  Case No.  2:09-cv-123-FtM-29SPC

HODGES UNIVERSITY; TERRY MCMAHAN,
TAMARA KARWAT,

              Defendants.
_____

## REPORT AND RECOMMENDATION

**TO THE UNITED STATES DISTRICT COURT**

This matter comes before the Court on the Plaintiff, Kathalina Monacelli's Motion to Proceed *In Forma Pauperis* and Affidavit of Indengency (Doc. #2) filed on March 2, 2009. On March 2, 2009, the Plaintiff filed a Complaint (Doc. #1) and now moves the Court to proceed *in forma pauperis* (IFP) without the prepayment of filing fees. On March 10, 2009, the Court denied her motion for IFP (Doc.# 6) and allowed her up to and including April 9, 2009, to amend her Complaint. To date, the Plaintiff has failed to comply with the Court's Order to amend her Complaint. Therefore, the Court has no alternative except to recommend that the Plaintiff's Motion for IFP should be denied and her case should be dismissed.

The Plaintiff seeks to proceed IFP under 28 U.S.C. §1915 which states in pertinent part, "any Court of the United States may authorize the commencement...of any suit, action or proceeding....without prepayment of fees and costs..., by a person who makes affidavit that he/she is unable to pay such costs..." Further, under §1915, it is within the Court's discretion to dismiss

an action if the action is deemed "frivolous or malicious"; fails to state a claim on which relief may be granted; or seeks monetary relief against a defendant who is immune from such relief. A complaint is deemed frivolous if the Court finds that is lacks arguable basis in law or fact. Neitzke v. Williams, 490 U.S. 319, 325, 109 S. Ct. 1827, 104 L. Ed. 2d 338 (1989).

In accordance with 28 U.S.C. §1915, the Court will first examine the Plaintiff's Complaint, in its entirety, to determine whether an action should proceed based on the validity of the claim. The Court considers that the Plaintiff is proceeding *pro se* and therefore, reviews the Complaint (Doc. #1) with a less stringent standard than those complaints written by attorneys. Trawinski vs. United Technologies, 313 F.3d 1295 (11th Cir. 2002). The Plaintiff's affidavit reveals that she has insufficient resources to conduct the litigation, so the Court must now review the Complaint to determine if it lacks arguable basis in law or fact.

The Plaintiff's Complaint is brought pursuant to the Civil Rights Act of 1964, 42 § U.S.C. 2000e *et. seq.*, the Sherman Antitrust Act of 1890, 15 U.S.C. §§ 1-7, and the Americans with Disabilities Act, 42 U.S.C. § 12101 *et seq*. The Plaintiff also appears to bring conspiracy charges against the Defendant along with other members of the educational community to prevent her from being hired into to the local educational field.

*Count I Violation of the Sherman Anti Trust Act*

The Plaintiff alleges the Defendant and unnamed others have engaged in a horizontal contract, combination or conspiracy in unreasonable restraint of trade in violation of the Act. "'[T]he purpose of the [Sherman] Act is not to protect businesses from the working of the market; it is to protect the public from the failure of the market. The law directs itself not against conduct which is competitive, even severely so, but against conduct which unfairly tends to destroy competition itself.

It does so not out of solicitude for private concerns but out of concern for the public interest.'" Spanish Broadcasting System of Florida., Inc. v. Clear Channel Communications, Inc., 376 F.3d 1065, 1069-1070 (11th Cir. 2004) (quoting Spectrum Sports, Inc. v. McMillan, 506 U.S. 447, 459, 113 S. Ct. 884, 122 L. Ed. 2d 247 (1993)). Here, the Plaintiff has failed to allege a cause of action demonstrating how Hodges has prevented other schools or universities from participating in the local market and thereby violating the public good. As such she has failed to make a claim under the Sherman Antitrust Act.

*Count II Violations of the Civil Rights Act of 1964*

The Plaintiff states the Defendant restricted her right to obtain meaningful employment by preventing women and other minorities from obtaining higher levels of employment such as being a professor. The Plaintiff asserts that Hodges has caused her irreparable harm by depriving her of a civil right to have and obtain meaniongful employment, denied her the benefits of a free open and unrestricted competition in the free employment market, and that she has been denied access to competitive entry to an educational institution as a public accommodation. The Plaintiff has failed to make a claim under the Civil Rights Act of 1964. Specifically the Plaintiff must allege that she (1) was a member of a protected class; (2) was qualified for the jobs she has applied for; (3) she suffered an adverse employment action; and (4) she was displaced by someone outside the protected class. Webb-Edwards v. Orange County Sheriff's Office, 525 F. 3d 1013, 1031 (11th Cir. 2008) (citing Hinson v. Clinch County Georgia Board of Education, 231 F.3d 821, 828 (11th Cir. 2000)). The Plaintiff fails to allege that she is a member of a protected class or that she has suffered an adverse employment action and, therefore she fails to establish a claim for discrimination.

### Count III Violations of the Americans with Disabilities Act

The Plaintiff alleges the Defendants have violated the ADA by its hiring actions prventing disabled individuals from higher levels of employment. The Plaintiff states the that she has been "unrightfully declared by false assumption as having an impairment when in fact no impairment exists." The Plaintiff does not allege that she is disabled herself. To show a *prima facie* case of association discrimination, the Plaintiff must establish: "(1) that she was subjected to an adverse employment action; (2) that she was qualified for the job at that time; (3) that her employer knew at that time that she had a relative with a disability; and (4) that 'the adverse employment action occurred under circumstances which raised a reasonable inference that the disability of the relative was a determining factor in [the employer's] decision.'" Wascura v. City of South Miami, 257 F.3d 1238, 1242 (11th Cir. 2001) (quoting Hilburn v. Murata Electronics North America, Inc., 181 F.3d 1220, 1230-31 (11th Cir. 1999)). The Plaintiff alleges discrimination based upon her association with her disabled child. She has failed to plead all of the elements for a claim of association discrimination, therefore she has failed to state a claim upon which relief may be granted.

### Conclusion

The Plaintiff's Complaint fails to state a claim for which relief can be granted. Therefore, it is respectfully recommended the Motion to Proceed *In Forma Pauperis* is due to be denied. Since the Plaintiff was informed that her Complaint failed to state a claim, and she further failed to amend when she was offered the opportunity, it is further respectfully recommended that the case be dismissed.

Accordingly, it is now

**RECOMMENDED:**

(1) The Plaintiff, Kathalina Monacelli's Motion to Proceed In Forma Pauperis and Affidavit of Indengency (Doc. #2) should be **DENIED** for failure to state a claim.

(2) It is further respectfully recommended that the case be **DISMISSED** for failure to state a claim for which relief can be granted.

Failure to file written objections to the proposed findings and recommendations contained in this report within ten (10) days from the date of its filing shall bar an aggrieved party from attacking the factual findings on appeal.

**Respectfully recommended** at Fort Myers, Florida, this ___23rd___ day of April, 2009.

*[signature]*
SHERI POLSTER CHAPPELL
UNITED STATES MAGISTRATE JUDGE

Copies: All Parties of Record